IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RAYMOND H. MAYBERRY,           )
                               )
        Plaintiff,             )
                               )
v.                             )    Civil Action No. 3:10CV720–HEH
                               )
CEDARFIELD CORPORATION,        )
                               )
        Defendant.             )

## MEMORANDUM OPINION
(Granting Defendant's Motion to Set Aside Clerk's Entry of Default; Granting Defendant's Motion to Extend Time to File Responsive Pleadings; Denying Plaintiff's Motion for Entry of Judgment by Default)

This is an action for unpaid overtime wages and damages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*. It is presently before the Court on several motions concerning the Clerk's entry of default as to Defendant Cedarfield Corporation. For the reasons stated below, Defendant's Motion to Set Aside Clerk's Entry of Default will be granted; Defendant's Motion for Extension of Time to File Answer will be granted; and Plaintiff's Motion for Entry of Judgment by Default will be denied.

## I. BACKGROUND

From July 2009 through February 2010, Raymond H. Mayberry ("Plaintiff") worked for Cedarfield Corporation ("Defendant") as a delivery driver. On October 6, 2010, Plaintiff filed this action against Defendant, alleging that Defendant failed to pay Plaintiff overtime wages as required by the FLSA. Plaintiff, by counsel, mailed a request

for waiver of formal service to Defendant on October 11, 2010. Julie J. Oley, signed the waiver of service as agent for Defendant on October 29, 2010. The Clerk's office received and filed the waiver on November 4, 2010.

Having waived formal service, Defendant was required to file responsive pleadings on or before December 10, 2010. As of January 31, 2011, however, Defendant had not yet responded. Plaintiff filed a Request for Default on February 3, 2011, which the Clerk entered on February 3, 2011. That same day, Plaintiff filed a Motion for Entry of Judgment by Default, requesting damages in the amount of $6,040.58, and attorneys' fees and costs in the amounts of $2,255.00 and $388.81, respectively.

On February 7, 2011, attorneys from the law firm of Christian & Barton, LLP filed notices of appearance on behalf of Defendant. They moved to set aside the Clerk's entry of default, and filed a motion for an extension of time in which to file responsive pleadings. Plaintiff has responded, and Defendant has replied. Defendant has also timely filed a Memorandum in Opposition to Plaintiff's Motion for Entry of Judgment by Default, to which Plaintiff has replied. These matters are ripe for decision.

## II. ANALYSIS

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

2

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). Notably, the "good cause" standard for setting aside an entry of default pursuant to Rule 55(c) is less onerous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *Id.* at 420.

In this case, the factors favor setting aside the Clerk's entry of default. First, Defendant has proffered evidence of a meritorious defense. Specifically, Defendant asserts that it pays delivery drivers on a per-route basis, regardless of the number of hours worked, and offers bonuses to drivers who perform extra routes. (Def.'s Mem. Supp. Mot. Set Aside 4.) Defendant further asserts that employment records, which Defendant has submitted to the Court, show that Plaintiff worked an average of 20 hours per week. (*Id.*) Additionally, Defendant has proffered that Plaintiff's daily driving report, which was acquired via vehicle tracking device, shows that Plaintiff's route took him approximately five hours and 30 minutes per day. (*Id.*) This evidence directly rebuts Plaintiff's claim that he regularly worked 50–55 hours per week at $100 per day.

Plaintiff contends that Defendant's proffer is insufficient because Defendant (1) failed to state its methodology for calculating Plaintiff's weekly hours; (2) failed to account for time Plaintiff may have spent performing other work-related duties; and (3) submitted records which conflict with work schedules Plaintiff allegedly received from Defendant.

Plaintiff fails to recognize, however, that Defendant need not prove its case on the papers in order to prevail on a motion to set aside an entry of default. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2697, p. 531 (2d ed. 1983)). Because Defendant's proffered evidence, if believed, could establish that Plaintiff was not entitled to overtime compensation, Defendant has sufficiently shown that it has a meritorious defense to Plaintiff's claims.[1]

Second, Defendant acted with reasonable promptness upon learning that default had been entered. The Clerk entered default on February 3, 2011. Plaintiff requested default judgment that same day. Within four days, two of which were outside the business week, Defendant secured outside counsel, moved to set aside the default, proffered evidence tending to rebut Plaintiff's claims, and submitted an answer which it

---

[1] Contrary to Plaintiff's assertion, Defendant was not required to submit sworn, notarized affidavits in support of its position. By statute, any matter that can be shown by sworn affidavit may similarly be shown by unsworn declaration made under penalty of perjury. *See* 28 U.S.C. § 1746. Defendant's declarations in this case were made under penalty of perjury. As to Plaintiff's complaint that Defendant's proffer conflicts with work "schedules" in Plaintiff's possession, this only reinforces the Court's conclusion that a decision on the merits could differ from the result achieved by default. Further, Defendant has submitted a declaration under penalty of perjury stating that the "schedules" offered by Plaintiff are not genuine records used or distributed by Defendant. (*See* Reply Mem. Supp. Mot. Set Aside Ex. A, at ¶¶ 3–4.)

was prepared to file if granted an extension of time in which to respond. The record amply supports the conclusion that Defendant acted with reasonable promptness.[2]

The third factor for this Court to consider is Defendant's personal responsibility. In this case, Defendant's failure to respond resulted from a misunderstanding between Defendant and its corporate counsel. After waiving formal service of Plaintiff's complaint, Defendant's Vice President, Anthony Oley ("Oley"), inquired generally about the FLSA and the nature of Plaintiff's action to Joshua Rahman ("Rahman"), an attorney with The Rahman Group, LLC who has for several years performed corporate legal services for Defendant. Following that conversation, Oley presumed that Rahman would represent Defendant in the litigation and respond to the Complaint. (Def.'s Mem. L. Ex. A [hereinafter Oley Decl.].) Rahman, however, did not understand that he was to serve as trial counsel, and never filed an appearance. (Def.'s Mem. L. Ex. B [hereainafter Rahman Decl.].) While Defendant may bear some responsibility for that failure in communication, this case presents no indicia of bad faith or malicious intent, nor does it show any outright ambivalence toward the action on Defendant's part. To the contrary, the record shows that Defendant promptly contacted an attorney concerning the action. On balance, the third factor does not weigh heavily in either party's favor.

Fourth, Plaintiff's only asserted ground of prejudice is the "time and expense that Plaintiff underwent discussing and preparing the appropriate pleadings to respectfully

---

[2] The fact that Plaintiff waited to request default for nearly two months after Defendant's time to respond had expired does not alter the Court's conclusion. Because Defendant did not realize that its corporate attorney failed to respond until it received notice of default, it follows that the promptness of Defendant's response should be measured from the time Defendant learned that default had been entered.

5

request that this Court enter default judgment." (Pl.'s Rebuttal Mem. 3.) The Court agrees that setting aside the default will burden Plaintiff to some extent, but on balance, such inconvenience does not outweigh the interest of the Court and Defendant in permitting the case to be decided on the merits.

Finally, the record does not indicate any history of dilatory action on Defendant's part. In fact, Defendant acted promptly after learning that no responsive pleading had been filed.

The Fourth Circuit has counseled trial courts to grant default judgments "sparingly." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987). Considering the relevant factors, the Court finds that the Clerk's entry of default should be set aside and Defendant should be granted an opportunity to defend itself on the merits. It follows that Plaintiff's motion for default judgment will be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Set Aside Clerk's Entry of Default will be granted; Defendant's Motion for Extension of Time to File Answer will be granted; and Plaintiff's Motion for Entry of Judgment by Default will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 3, 2011
Richmond, VA

6